[No. 19777.  Department Two.  April 15, 1926.]

A. M. STOLP, *Respondent*, v. DEPARTMENT OF LABOR AND
INDUSTRIES, *Appellant*.[1]

[1] MASTER AND SERVANT (20-1, 121-1)—WORKMEN'S COMPENSATION—
CLAIM FOR INJURY—TIME OF FILING—CONSTRUCTION OF STATUTE.
A claim for injury for the loss of an eye, filed within four
months after discovery of the loss, but not until more than one
year after the accident from which the loss resulted, is in time,
under the workmen's compensation act, § 7686, providing that
the claim must be filed within one year after the "injury oc-
curred or the right thereto accrued;" since the "injury" did
not occur at the time of the accident, where there was at that
time no impairment of sight.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered December 11,
1925, upon findings in favor of plaintiff, on appeal from
the department of labor and industries rejecting a
claim under the workmen's compensation law.  Af-
firmed.

*The Attorney General* and *M. H. Wight, Assistant,*
for appellant.

*Dysart & Ellsbury,* for respondent.

MAIN, J.—This is an appeal from a judgment of the
superior court, reversing an order of the department
of labor and industries by which the claim of A. M.
Stolp for compensation was rejected.  From the judg-
ment of the superior court, the department of labor
and industries appeals.

On November 26, 1922, A. M. Stolp was employed by
the Carlisle Lumber Company in an extra-hazardous
occupation and on that day, in the course of his em-
ployment, accidentally struck his left eye on an air
compressor pipe.  Thereafter he consulted a physician,
but neither he nor the physician at the time appre-

[1]Reported in 245 Pac. 20.

hended any serious injury from the blow. Respondent continued in his work for a period of about fourteen months, wholly without appreciation that the sight of his eye was impaired, until on or about January 15, 1924, when he learned of this fact for the first time. After he became aware that he had lost the sight of his eye and on May 22, 1924, he filed an application with the appellant for compensation under the workmen's compensation law. The application was filed approximately four months after the time he first discovered that he had lost the sight of his eye, and as above noted the claim was rejected by the appellant.

[1]   There is but one question in the case and that is, whether the claim was filed in time. It was filed within four months after the respondent discovered that he had lost the sight of his eye, but not within one year after he had struck his eye on an air compressor pipe. Section 7686, Rem. Comp. Stat., subd. (d), provides that:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

Section 7675, among other things, provides that:

"The words 'injury' or 'injured' as used in this act refer only to an injury resulting from some fortuitous event as distinguished from the contraction of disease."

In *Stertz v. Industrial Insurance Commission,* 91 Wash. 588, 158 Pac. 256, Ann. Cas. 1918B 354, it was held that "fortuitous event" meant "accident" and that there was no difference in meaning between the two. "Accident" as defined by Webster's New International Dictionary is "An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency; often,

an undesigned and unforeseen occurrence of an afflictive or unfortunate, character." "Injury," by the same authority, is defined as "Damage or hurt done to or suffered by a person or thing; detriment to, or violation of, person, character, feelings, rights, property, or interests, or the value of a thing." The accident or the fortuitous event happened at the time the respondent struck his eye upon the air compressor pipe. That was the event. The injury which was the result of that accident or event was when the effect was produced and the sight of the eye lost. The statute, § 7686, *supra,* requires that the claim be filed within one year from the day upon which the "injury" occurred. Prior to the time of the impairment of the sight, the respondent would not have been entitled to compensation under the workmen's compensation act, as up to that time he had not in any substantial respect suffered damage.

The question as to whether the limitation fixed by the statute appears to run with the happening of the accident, or when the resultant injury develops, has on a number of occasions been before the courts. In *Johansen v. Union Stockyards Co.,* 99 Neb. 328, 156 N. W. 511, the supreme court of Nebraska, construing the statute of that state, held that when an accident to an eye, which at first appeared not to be serious, resulted thereafter in a diseased condition which destroyed its sight, that the injury occurred when the diseased condition culminated. In that state the workmen's compensation law defined "accident" and also the word "injury," but the statutory definition there given is substantially the same as that given by the lexicographers to these words. That case was followed and cited with approval by the same court in *Simon v. Cathroe Co.,* 101 Neb. 211, 162 N. W. 633.

In the case of *In re Brown*, 228 Mass. 31, 116 N. E. 897, the supreme court of Massachusetts held that an injury occurred under the act of that state when the effect of the accident had manifested itself. It was there said:

"In the case at bar there was evidence that a rupture of the kind which the employe had does not manifest itself immediately upon the strain which causes the rupture, and that in the ordinary case it would not develop for two or three weeks after the strain. It follows that the injury took place on October 18th, when the rupture manifested itself by the swelling in the employe's groin, and not on October 1st, when he strained himself."

In *Hornbrook-Price Co. v. Stewart*, 66 Ind. App. 400, 118 N. E. 315, there is a like holding upon a similar state of facts. It was there said:

"It should be observed that the injury is the thing of which notice is to be given and that the time is to be reckoned from the occurrence of the injury. The accident causing Stewart's rupture occurred the latter part of June, 1916, but was of such a character that it did not immediately disable him. With the aid of a truss he continued to work for the same employer for a period of six months thereafter. During all this period his superiors knew of his condition and recognized it by giving him lighter work. In January, 1917, because of the aggravated condition of his rupture, he became totally disabled and was obliged to quit the work. Under these circumstances it must be held that the real injury did not develop until January, 1917."

In *Mills v. Dinnington Main Coal Co.*, 10 Butterworth's Workmen's Compensation Cases 153, the court of appeals of England expressed a similar opinion. It was there said:

"We have held, in more than one case, that you cannot require a person to give notice of an accident when it is apparently trivial, and does not deprive the man

of the ability to work immediately after, and when honestly he did not think that it was anything else but a trivial knock on the leg.''

In *Cooke v. Holland Furnace Co.*, 116 N. W. (Mich.) 1013, L. R. A. 1918E, p. 552, the supreme court of Michigan took the opposite view and, so far as we are informed, that case is the only one on that side of the question. In the editor's note following the case and reviewing the authorities, it is said:

''The doctrine of the Michigan court is at variance with that of all other jurisdictions in which the question has arisen. Of course, this question is not likely to arise in those jurisdictions where the statute provides that a failure to give notice of the injury, or to file a claim for compensation, does not bar a recovery, if there is a reasonable excuse for such failure; for it is very probable that the Michigan court would consider that the fact that the apparent injury was slight, and that the serious consequences of the accident did not develop until a considerable period after the occurrence of the accident, would constitute a reasonable excuse for not giving notice or filing claim for compensation promptly.''

Cases from jurisdictions, where the statute used the word ''accident'' as fixing the time within which the application or claim shall be made, are not in point. The question in the case now before us is not when the accident or the fortuitous event happened, but when the injury occurred. It seems to us, that the reasonable and proper construction of the act of this state is that the employee has one year within which to file a claim after the injury has developed which was the result of the fortuitous event.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.