HUNT *v.* F. R. PATTERSON CONSTRUCTION CO.

Master and Servant—Workmen's Compensation Act—Statute
of Limitations.

Where injured employee's actual disability did not develop
within six months after accident, of which employer had
notice, claim for compensation filed within three months after
disability manifested itself to such extent that employee was
compelled to quit work was filed within statutory period
(2 Comp. Laws 1915, § 5445, as amended by Act No. 64,
Pub. Acts 1919).

Certiorari to Department of Labor and Industry.
Submitted January 6, 1931. (Docket No. 11; Calendar No. 35,220.) Decided February 27, 1931.

Clarence B. Hunt presented his claim against
F. R. Patterson Construction Company for an accidental injury while in its employ. Award to plaintiff is reviewed by defendant and Employers' Liability Assurance Corporation, insurer, by certiorari.
Affirmed.

*Ernest P. La Joie,* for plaintiff.

*G. Wilson Gloster,* for defendants.

Sharpe, J. The plaintiff, while in the employ of
the Patterson company as an elevator operator, on
May 17, 1929, was injured by being struck in the
side by a box which he was endeavoring to load upon
the elevator from a truck. He was treated by a
physician furnished by defendant. He soon after

Time within which notice must be given or other steps taken in
action for compensation under workmen's compensation acts, see
annotation in L. R. A. 1917D, 138; L. R. A. 1918E, 559.

returned to work, but at times suffered pain. On January 16, 1930, while working for another party, his condition became such that he was compelled to quit work, and on March 3, 1930, he filed a claim for compensation under the workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*).

The Patterson company had filed a report of noncompensable accident on June 1, 1929, and afterwards, and on February 25, 1930, a report of compensable accident. A hearing was had before a deputy commissioner. The defendants, on March 31st, filed a denial of the claim (1) because plaintiff was not disabled, and (2) because he did not receive an accidental injury arising out of and in the course of his employment, and later, on April 19th, amended it to deny that notice of the claim was filed within the statutory period.

The deputy commissioner awarded compensation for 15 weeks and 2 days, from January 16, 1930, at $18 per week, in all $276. On appeal to the department, this award was affirmed. Defendants seek review by certiorari.

The error here relied on is that plaintiff's claim is barred by the statute. Section 5445, 2 Comp. Laws 1915, provides that notice of an injury must be given to an employer within three months, and that the claim for compensation must be made within six months after the happening thereof. This section was amended by Act No. 64, Pub. Acts 1919, by adding thereto a proviso, which is quoted at length in *White* v. *Morgan & Wright,* 217 Mich. 499, 502, and need not be here repeated.

While the record discloses that plaintiff suffered pain at times after the accident, he was not compelled to quit work entirely until January 15, 1930. It was apparently not thought at first that his in-

jury was serious, and so the report of noncompensable accident was made. But the Patterson company, doubtless after investigation, made a report of compensable accident on February 25, 1930, in which it stated that plaintiff had sustained an injury to his back and right side on May 17, 1929. The defendants, while not insisting that plaintiff's condition at the time of hearing was not the result of the injury sustained by him on that date, strenuously urge that his injury was apparent during the first six months thereafter, and that his failure to then make claim precludes his recovery.

From the proofs submitted, the department found:

"While plaintiff testifies that he has had pains, off and on, since the accidental injury, there is no proof of the loss of any actual time until January 15th of this year, at which date he was obliged to discontinue his employment, he claims, on account of the original injury. His contention in this respect is not disputed by any testimony in the case. It is substantiated, also, by the report of compensable accident which was filed on the 26th day of last February, just 30 days previous to the time of plaintiff's filing his notice and application for adjustment of claim.

"Inasmuch as the actual disability or incapacity did not develop or make itself manifest within the six months after the happening of the accident, but did develop and make itself manifest on January 15, 1930, and plaintiff filed his notice and application within three months thereafter, this defense is not tenable."

There was evidence to support this finding. The facts are quite similar to those appearing in *White v. Morgan & Wright, supra,* wherein the effect of this proviso was considered. Many persons afflicted

with a slight ailment causing pain and distress do not regard it seriously. They expect that it will soon pass away. Such action on the part of an employee inures to the benefit of his employer. It is apparent that plaintiff felt that he had no ground for complaint against his employer until his condition necessitated his quitting work, and he was then informed by the doctor whom he consulted, and whose evidence is undisputed, that he was suffering from the effect of the injury received on May 17, 1929.

The award is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.