[No. 23855. Department Two. July 18, 1932.]

W. R. FERGUSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Douglas T. Ballinger,* for appellant.

*The Attorney General, Harry Ellsworth Foster, Assistant,* and *Chas. O. Flint,* for respondent.

BEALS, J.—This is an appeal from a judgment of the superior court dismissing plaintiff's appeal from an order of the joint board of the department of labor and industries of the state of Washington denying plaintiff's application for relief under the workmen's compensation act, for the reason that plaintiff's claim was barred by the statute of limitations.

December 4, 1925, appellant, being then engaged in the city of Seattle in extrahazardous work as an employee of Associated Oil Company, while in the course

[1]Reported in 13 P. (2d) 39.

of his employment suffered an injury to his eyes occasioned by a gasoline explosion. Appellant was immediately treated by Doctor H. E. Allen, of Seattle, and a few days later was attended by physicians practicing in the city of Mount Vernon. Under date December 21, 1925, appellant reported his injury to respondent, the report including a statement by one of the doctors who had treated appellant, diagnosing appellant's injury as "photophobia and running eyes." Appellant reported no time lost from his work, and received no compensation, although respondent paid for the medical treatment which appellant had received.

No further claim was filed by or on behalf of appellant, nor was the matter of his injury or any condition alleged to have resulted therefrom called to the attention of respondent until May 1, 1931, when appellant's attorney addressed to respondent a letter written on appellant's behalf, calling respondent's attention to the fact that appellant had lost the sight of one eye as the result of the injury received in December, 1925. Appellant's claim was rejected by the supervisor of respondent, whereupon appellant applied for a rehearing before the joint board, which board, August 31, 1931, denied appellant's application upon the ground, as above stated, that the same was barred by the statute of limitations.

The matter was submitted to the superior court upon an agreed statement of facts, from which it appears that appellant, during the years 1927 and 1928, complained of the gradual loss of sight of his right eye, over which a cataract had formed. The eye was removed during the fall of 1930, appellant contending that the sight of his left eye is also impaired.

Appellant's claim, as filed with the respondent during the month of December, 1925, was closed January

14, 1926. The following sections of the statute are applicable to the situation here presented:

By Laws of 1927, chapter 310, p. 844, § 4, par. (h) (Rem. 1927 Sup., § 7679), concerning "aggravation, diminution or termination of disability," it was provided that any applicant whose compensation has heretofore been established or terminated shall have three years after the establishment or termination of such compensation within which to apply for readjustment. This act modified the preexisting law by introducing for the first time a three-year limitation within which an application for readjustment of compensation could be made. The same limitation was included in Laws of 1929, chapter 132, p. 338, § 2, par. (h), an act referring to "workmen's compensation and medical aid."

Rem. Comp. Stat., § 7679, par. (h) (Laws 1919, p. 355), referring to the matter of readjustment of compensation upon aggravation, diminution or termination of disability (being the act in force at the time appellant was injured December, 1925):

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment."

Laws of 1927, chapter 310, p. 847, § 6, par. (d) (Rem. 1927 Sup., § 7686):

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."

The definitions of the words "dependents" and "beneficiaries," found in Laws of 1927, chapter 310, p. 815, § 2 (Rem. 1927 Sup., § 7675), render a portion of the section last above mentioned, referring to these two classes, inapplicable to this case.

Rem. Comp. Stat., § 7686, par. (d), being the law in force prior to the amendment of 1927, referring to the time within which an application for compensation under the workmen's compensation act could be made, reads as follows:

"No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."·

Laws of 1927, chapter 310, p. 815, § 2, defining the word "injury" reads as follows:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom." Rem. 1927 Sup., § 7675.

By Laws of 1921, chapter 182, p. 720, § 2 (Rem. Comp. Stat., § 7675), the word "injury", as used in the act, was defined as referring "only to an injury resulting from some fortuitous event as distinguished from the contraction of disease."

Respondent contends that, when appellant's attorney wrote to respondent on appellant's behalf in May, 1931, the three-year statute of limitation (1927 amendment) had run against any application on appellant's behalf for reopening his case on the ground of aggravation of injury, and that, if the letters written on appellant's behalf by his counsel constituted a new claim, the same was barred by the statute because not presented within one year from the date of the injury (1927 amendment, *supra*).

Appellant argues that the time for filing his claim did not commence to run until November, 1930, when his eye was removed, and that appellant made an application to respondent, as based upon a new claim, within one year thereafter, and that therefore his application was timely.

In the case of *Stolp v. Department of Labor and Industries,* 138 Wash. 685, 245 Pac. 20, it was held, under Rem. Comp. Stat., § 7686, *supra,* that the one year limitation fixed by the statute for the filing of a claim commenced to run upon the development of the injury "which was the result of the fortuitious event." The case cited was decided during the month of April, 1926, and the legislature, at its next session, enacted subdiv. (d), § 6, chapter 310, Laws of 1927, p. 847, *supra,* changing the words "or the right thereto accrued" to "or the rights of dependents or beneficiaries accrued."

We are satisfied that, under the amendment of 1927, it must be held that the rule laid down in the *Stolp* case is no longer applicable, and that, to avoid the bar of the statute, a claimant (other than a dependent or beneficiary, from which classes appellant is excluded by the terms of the act) must present his claim within one year after the day upon which the accident occurred. This being true, appellant's application, if considered as a new claim, was filed too late.

In the case of *Fee v. Department of Labor and Industries,* 151 Wash. 337, 275 Pac. 741, decided March 25, 1929, it was held that an application filed during the month of February, 1928, based upon an injury received February 15, 1926, was timely, the court relying upon the opinion in the *Stolp* case above referred to. The 1927 amendment was not referred to in the opinion, undoubtedly because the application was filed within three years from the date the amendment be-

came effective, and for that reason timely, according to the terms of the amendment.

In the case of *Read v. Department of Labor and Industries,* 163 Wash. 251, 1 P. (2d) 234, it appeared that the joint board had rejected (as barred by the statutory limitation) a claim filed by the injured workman during the month of January, 1929, based upon an injury received during the month of September, 1924. No appeal was taken by the claimant from the order rejecting his claim, but during the month of September, 1929, Read filed with the department a second claim, describing, as the basis therefor, the identical accident covered by the first claim filed. It was held that the claim was barred by par. (d) of § 6 of the act of 1927 (Rem. 1927 Sup., § 7686), *supra,* barring claims not presented within one year "after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued." In the course of its opinion, this court said:

"The trial court entered judgment reversing the order of the joint board rejecting the second claim on the theory, apparently, that that was an entirely new claim for a disability not covered by the first; but with this we are not in accord. The second claim being for the same accident and for substantially the same disability as the first, and not being presented within one year from the date of the accident, it was rightly rejected by the joint board."

Under Laws of 1927, chapter 310, p. 815, § 2, defining the word "injury," *supra,* and other statutes above quoted or referred to, the injury which appellant received occurred December 4, 1925.

If respondent's claim be considered an application for the reopening of his claim filed December 21, 1925, the application must be denied because not filed within the three-year period of limitation fixed by Rem. Comp. Stat., § 7679, par. (h), as amended by § 4, chap-

ter 310, Laws of 1927, p. 834 (Rem. 1927 Sup., § 7679) *supra* (which section was again amended, the three-year period of limitation remaining unchanged, by paragraph (h), § 2, chapter 132, Laws of 1929, p. 329). The 1927 amendment became effective June 9, 1927, and the period of limitation fixed thereby expired three years from that date, approximately eleven months prior to the filing of appellant's claim.

Under the statutes applicable to the situation here presented, the judgment of the superior court was correct, and the same is hereby affirmed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.