SICKELS *v.* PACKARD MOTOR CAR CO.

1. Master and Servant—Workmen's Compensation Act—Finding of Department Final Where Supported by Evidence.

Finding of department of labor and industry that cataract was caused by injury to plaintiff's eye, entitling him to compensation therefor, must be sustained, on appeal, where supported by competent evidence, although medical testimony was largely to effect that it was not due to injury.

2. Same—Sufficiency of Notice.

Where employee reported injury to his eye within 10 minutes of its occurrence, and due record thereof was made at employer's hospital, where he received treatment, this was sufficient notice to employer, under circumstances, although employee gave no formal notice of accident until almost five years after it occurred.

3. Same—Mistake—Amendment.

Where employee's notice and application for compensation incorrectly stated that accident occurred in 1929 instead of 1927, but was corrected by amendment with employer's consent, latter, which was not misled by mistake, could not thereafter complain thereof.

Appeal from Department of Labor and Industry. Submitted June 16, 1933. (Docket No. 11, Calendar No. 37,069.) Decided October 2, 1933.

Ernest Sickels presented his claim against Packard Motor Car Company for accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendant appeals. Affirmed.

*Martin & Williams,* for plaintiff.

*Carl R. Binns* (*Henry E. Bodman,* of counsel), for defendant.

Butzel, J. Plaintiff, Ernest Sickels, claims compensation for an injury he received on July 15, 1927, while working in the wood-working department of defendant, the Packard Motor Car Company. A fragment of steel, loosened when a hammer contacted with a steel cutter, struck plaintiff in the right eye and caused him considerable pain. He immediately repaired to defendant's hospital for treatment by the head nurse, who made a written record of the accident. She provided him with some medication to apply to the eye, and, with the assistance of his wife and fellow employees, he followed the prescribed treatment during the succeeding 10 days, during which time he also visited the hospital three additional times. The company's record shows that he was discharged, as cured, by the hospital 13 days after the accident. The injury, however, did not prevent his return to work on the day following the accident. He lost no time until 1932, when he was laid off owing to decreased production. No notice was given to the department of labor and industry, either of this accident or of two minor ones during the following four months, when minute foreign substances, which lodged in the same eye, were on both occasions removed without difficulty. Claimant was told by the head nurse on July 28, 1927, the date of his final treatment for the first injury, that the eye was in good condition, but that there was a small scar remaining, as evidence of the injury. He also noticed the scar, and claims that from that time on the vision in the right eye became increasingly defective. The existence of a well-advanced cataract was discovered by the plant physician in April, 1929, when claimant objected to the bandaging of his left eye, which had suffered a slight injury, on the ground that he could not see out of his right eye.

Claimant filed his petition for compensation three years later, alleging that the eye had become absolutely useless. The cataract is of such a nature that claimant cannot distinguish light from darkness. The medical testimony largely favors defendant's claim that the loss of vision was not due to the injury. Were we a fact-finding body, guided by the testimony of experts, we might reach a different conclusion from that of the board, who awarded compensation to claimant. The testimony shows that cataracts may be due to senility, disease, or other causes, and that, as a rule, one resulting from a blow to the eye leaves vision sufficient to distinguish light from darkness. The fundus or back of plaintiff's right eye gave signs of diseased condition. There was no trace of a scar or foreign substance in the eye, but the testimony indicated that this was not positive proof of the absence of an injury of sufficient severity to cause the development of a cataract.

An eye specialist of very high standing and long years of experience testified that the fact that claimant was 55 years of age at the time of the hearing, that the injury was not sufficient to incapacitate him from working the day following the accident, that the fundus of the eye showed a diseased condition, that there was no scar on or foreign substance in the eye, etc., demonstrated that the cataract was not due to the accident. Another expert, however, testified that, in his opinion, the accident was at least a contributing cause of the cataract. In view of this latter testimony and that of claimant, we cannot say that there was no competent evidence in support of the claim. On this account we must affirm the award, unless there are other errors. *White* v. *Morgan & Wright,* 217 Mich. 499; *Hayes* v. *Boutell,* 253 Mich. 628.

Defendant claims that it did not receive timely and proper notice of the accident. While it is true that claimant gave no formal notice of the accident until almost five years after it occurred, he did report the accident within 10 minutes of its occurrence, and due record was made at the company's hospital. We believe that this was sufficient under the circumstances. See *Shafer* v. *Parke, Davis & Co.*, 192 Mich. 577.

In claimant's notice and application for compensation, he incorrectly stated that the accident occurred in 1929. At the hearing, with the consent of defendant, he was permitted to amend so as to substitute "1927" for "1929." Defendant was not misled by the mistake; it consented to the amendment, and may not now complain.

The award is affirmed, with costs to claimant.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., took no part in this decision.