ANTONE R. SILVA *v.* WHEELER & WILLIAMS, LIMITED, AND THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION OF LONDON, ENGLAND.

No. 2110.

ARGUED NOVEMBER 22, 1933.        DECIDED DECEMBER 20, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The defendant, Wheeler & Williams, Limited, was the contractor performing a contract for the construction of a public highway in the district of South Kona, on the Island of Hawaii. The plaintiff was its employee performing services under it on the same job. The Employers' Liability Assurance Corporation of London, England, was the insurance carrier of Wheeler & Williams. On February 21, 1931, while the plaintiff was operating an air compressor in aid of the construction of the road, a piece of rock, set loose by a blast, struck him on and immediately below the left eye. The plaintiff orally reported the accident at once to his employer and the latter immediately and thereafter from time to time during the whole of the period involved in this controversy furnished him with medical attendance and supplies and hospitalization. From February 21 until March 9 the plaintiff was wholly incapacitated from the performance of any work and for that period of approximately two weeks no payments of compensation were made by the employer to him. On March 9, in the belief that he was sufficiently recovered and upon the representation and advice of the doctors that he was sufficiently recovered, the plaintiff resumed his labor as the employee of Wheeler & Williams and continued thereafter to work on the same job until August 28, 1931, during that period making visits at irregular intervals to the doctor for treatment to the eye. During that period of time, however, the vision in

that eye grew consistently dimmer and dimmer until it finally ceased on August 28, 1931. On that day he was discharged from his employment. The employer paid the plaintiff his regular wages in full for all of the time that he worked between March 9 and August 28. Thereafter the employer continued to furnish medical aid and hospitalization to the plaintiff. On October 17 after further examinations by physicians the plaintiff was, for the first time, informed that the sight of his left eye was entirely lost and could not be restored. Until that date he had been led to believe by the attending physicians that sight would return to the eye after the course of prescribed medical treatment. No claim for compensation was filed by the plaintiff either with the employer or with the industrial accident board having jurisdiction in the premises until October 28, 1931, and the employer filed its first and final reports of the accident with the industrial accident board on November 10, 1931.

The industrial accident board awarded to the plaintiff compensation for the loss of his eye. From that judgment the case went on appeal to the circuit court of the fourth judicial circuit and there all the parties concerned agreed that the cause be tried without the intervention of a jury. A stipulation was entered into in the circuit court that the facts were as above stated, the stipulation, however, reciting them much more in detail. Thereupon the circuit court reserved for the consideration of this court a question by it stated as follows: "Can compensation be awarded the claimant under the Workmen's Compensation Law, or is such claim barred by section 3624 R. L. Territory of Hawaii, 1925, as amended by Act 93, Session Laws, 1931, under the foregoing agreed facts, where the claimant suffered an accident on February 21st, 1931, during and in the course of his employment from which it could be found there resulted a total loss of sight of an eye on

August 28, 1931, where, after two weeks' hospitalization said employee was returned to work by the employer's physicians at the employer's request, and was able to thereafter continue his work without interruption for more than 24 weeks, during which time he was paid full and regular wages but was never paid any compensation, either by his employer or its insurance carrier, for time lost by reason of the accidental injury, and made no claim of incapacity or for compensation until two months after his incapacity became manifest and his discharge from employment on August 28th, 1931, which date of claim was 11 days after he was first informed by the employer's physicians that his eyesight was permanently lost and could not be restored?"

Section 3624, R. L. 1925, being a part of chapter 209, known as the Workmen's Compensation Law, as amended by Act 180, L. 1933, reads as follows: "Notice of injury and claim for compensation. No proceedings under this chapter for compensation for an injury shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof, and unless a claim for compensation with respect to the injury shall have been made within three months after the date of the injury, or, in case of death, within three months after the death, whether or not a claim had been made by the employee himself for compensation. The notice and claim may be given or made by any person claiming to be entitled to compensation or by some one on his behalf. If medical, surgical or hospital services and supplies have been provided voluntarily by the employer or his insurance carrier, or if an employer makes a report to the board or his insurance carrier of any injury received by any employee of such employer, the giving of a notice of the injury shall not be required, and, if payments of compensation shall have

been made voluntarily by the employer or his insurance carrier, the making of a claim within the aforesaid periods shall not be required. The term 'payments of compensation,' as used in this section, shall not be construed to include voluntary payments in the nature of a gift and not intended as compensation, payments by welfare or benefit organizations operating under direction or control of the employer, or payments of wages during periods of partial or total disability for work, provided that in the case of such payments of wages the employer notifies the employee and the industrial accident board at the time in writing that such payments of wages are not in lieu of and shall not be considered payments of compensation."

There is no dispute as to the sufficiency of the oral notice given by the employee to the employer. The only question before the court is whether the claim for compensation which was first made on October 28, 1931, was made "within three months after the date of the injury." If the injury occurred, within the meaning of the statute, on the day of the accident, to-wit, February 21, 1931, or on the day, seven days later, when under the statute (§ 3616), compensation first became payable, to-wit, Februray 28, 1931, it is obvious that the claim was not filed within the statutory time limit of three months. The plaintiff can only recover if the "date of the injury" within the meaning of the statute was August 28, 1931, when the plaintiff first became aware of the complete loss of his eye. An injury that does not result in disability to work is not compensable under the Workmen's Compensation Law but in this instance the impact of the rock upon the plaintiff's eye caused immediate and complete, although temporary, disability to work. He was unable to work until March 9. During that period of fifteen days he was completely disabled to work and during eight of those days he was entitled to compensation, but did not

apply for it and did not receive it.

Injuries, of course, are not to be confused with accidents, although they may be practically contemporaneous. The accident causes the injury, but an accident may be of such a nature as not to cause any injury. In the case at bar, it is beyond doubt, upon the stipulated facts, that the injury resulted immediately from the accidental impact of the rock. Likewise, complete disability to work resulted immediately and after the statutory respite of seven days (§ 3616) the plaintiff became entitled, upon making a claim therefor, to an award of compensation for the period of time when the disability continued. If, as he was entitled to do, the plaintiff had claimed compensation for this complete though temporary disability, clearly he would have been required under the statute to make his claim therefor within the statutory period of three months from February 21. To adopt the plaintiff's present theory and argument would be to hold that from the one accident or impact of the rock two injuries resulted or, perhaps to state it in another way, that injury twice resulted, once on February 21, and again on August 28. There can be no doubt upon the stipulated facts certified from the circuit court that this in reality did not occur and that there was but one injury although in its manifestations it continued and developed without interruptions during the whole period of time from February 21 to August 28. We can find nothing in the statute to support the view that the legislature contemplated the possibility of two dates of injury occurring except, perhaps, in the case of death resulting and for this special provision was made in the words of section 3624, "or, in case of death, within three months after the death." The very inclusion of this special provision for the event of a death resulting from an accident,—a provision that in such a case the three months' period would begin to run

from the death and not from the date of the original injury—tends to support the view that where there is no death the date of the injury is the date when the evil effects on the body or the health of the employee first arose or at latest when they first became ascertainable and known to the employee. In the case at bar the employee knew perfectly well on February 21 that he had received severe bodily injury when the rock struck him and he was immediately cared for in and out of a hospital upon that theory. In the same chapter the legislature made provision for just such a case as that at bar of an injury with certain immediate outward manifestations and other and definite, perhaps more serious and perhaps less serious, manifestations at a subsequent date, for in section 3640 it provides that "on the application of any party on the ground of a change of condition, the board may at any time, but not oftener than once in six months, review any agreement or award, and on review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded." On February 21, or perhaps on February 28 at latest, the plaintiff became entitled to claim compensation for his injury. If he had done so and had an award been made on the theory of a complete but temporary disability for work (for about two weeks) he could thereafter, after a period of weeks or months of ability to work and upon the discovery that the injury had developed into a partial and permanent disability, have petitioned the accident board for an increase in the award due to the change in circumstances. The original claim would have supported the later application made in consequence of an unforeseen change of circumstances.

Cases have occurred in the history of compensation courts in which the accident, involving force, for a period of time did not seem to have caused any injurious results

and in which there was not known or ascertainable until long after the expiration of the statutory period (if the same was to date from the day of the accident) that any injury whatever had resulted. In some cases of that general nature courts have held that the statutory period began to run from the date when the tumor or other hidden injurious consequences first made themselves manifest. The case at bar is not of that nature. If it were, what construction would be given to our statute under those circumstances is a question that need not be now considered.

For cases in which the same conclusion was reached in the construction of similar statutory provisions relating to the time within which claims for compensation must be made, see *Kalucki* v. *Car & Foundry Co.*, 200 Mich. 604, 609, 611; *Cooke* v. *Holland Furnace Co.*, 166 N. W. (Mich.) 1013, 1016, 1017; *Wheeler* v. *Ry. Co.*, 33 S. W. (2d) 179, 182, 183 (Mo.); and *Smith* v. *Process Co.*, 100 Kans. 40.

The answer to the reserved question is that the claim of the plaintiff, made for the first time more than three months after February 21 or February 28, 1931, is barred by the statute and cannot now be made the subject of an award of compensation in his favor.

*D. E. Metzger* (also on the briefs) for plaintiff.

*N. M. Newmark* (*H. Irwin* and *Robertson & Castle* on the brief) for defendants.