**PILLSBURY, Deputy Commissioner, et al. v. ALASKA PACKERS ASS'N.**

No. 7853.

Circuit Court of Appeals, Ninth Circuit.
July 1, 1935.

588

H. H. McPike, U. S. Atty., Robert L. McWilliams and S. P. Murman, Asst. U. S. Attys., all of San Francisco, Cal., for appellant Pillsbury.

Resleure, Vivell & Pinckney, of San Francisco, Cal., for appellant Weidemann.

F. D. Madison and Francis Gill, both of San Francisco, Cal., for appellee.

S. H. Derby, Lloyd M. Tweedt, Derby, Sharp, Quinby & Tweedt, Ira S. Lillick, Lillick, Olson, Levy & Geary, Farnham P. Griffiths, Joseph B. McKeon, and Mc-Cutchen, Olney, Mannon & Greene, all of San Francisco, Cal., amici curiæ.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee moves to dismiss appeals separately taken by appellants Pillsbury and Weidemann from a final decree in admiralty. Grounds of the motion are: (1) That there was no petition for or allowance of either appeal; (2) that appellant Weidemann's assignment of errors was not filed at or prior to the time of taking his appeal; (3) that Weidemann's appeal was not taken in time; and (4) that the decree appealed from is joint, not severable or subject to summons and severance, and that, therefore, if Weidemann's appeal is dismissed, Pillsbury's must also be dismissed.

Final decrees in admiralty have been appealable to this court since its establishment in 1891. Act of March 3, 1891, c. 517, § 6, 26 Stat. 828, now Judicial Code, § 128, as amended February 13, 1925, c. 229, 43 Stat. 936, 28 U. S. C. § 225 (28 USCA § 225). Now interlocutory decrees in admiralty are likewise appealable. Judicial Code, § 129, as amended April 3, 1926, c. 102, 44 Stat. 233, 28 U. S. C. § 227 (28 USCA § 227).

The Act of March 3, 1891, did not prescribe the form or manner in which appeals to this court should be taken. Whether this should be by petition for and allowance of the appeal, or simply by giving notice thereof, was not specified. These and other details of appellate procedure were left for the court itself to regulate. By section 2 of the act (26 Stat. 826) the court was expressly empowered to "prescribe the form * * * of writs and other process and procedure as may be conformable to the exercise of its jurisdiction," and to "establish all rules and regulations for the conduct of the business of the court within its jurisdiction." The court still has that power. Judicial Code, § 122, 36 Stat. 1132, 28 U. S. C. § 219 (28 USCA § 219). This court, in the exercise of the power thus conferred, did on June 22, 1891, establish General Rules for the conduct of its business, one of which was Rule 11 (90 F. cxlvi), reading as follows: "The plaintiff in error or appel-

lant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed. * * *"

On October 28, 1924, General Rule 11 was amended by adding a provision relative to the issuance of citations. In the general revision of this court's rules on June 27, 1928, rule 11 was further amended by omitting all references to writs of error. As thus amended, it read, and reads now, as follows: "The appellant shall file with the clerk of the court below, with his petition for appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment of errors shall have been filed. Citation shall issue immediately upon the allowance of the appeal. * * *"

Under General Rule 11, prior to May 21, 1900, it was necessary in admiralty, as in other cases, to file a petition for appeal and, with it, an assignment of errors, and to obtain an allowance of the appeal. This was not a statutory requirement, but was one which the court itself had prescribed, and could at any time alter or abolish. The requirement was abolished on May 21, 1900, when this court adopted its Admiralty Rules (100 F. iii), rule 1 of which provided: "An appeal to the circuit court of appeals shall be taken by filing in the office of the clerk of the district court, and serving on the proctor of the adverse party, a notice signed by the appellant or his proctor that the party appeals to the circuit court of appeals from the decree complained of. * * *"

In the general revision of June 27, 1928, Admiralty Rule 1 was amended and readopted in its present form, as follows: "An appeal from an interlocutory or final decree to the Circuit Court of Appeals shall be taken by filing in the office of the clerk of the District Court, and serving on the proctor of the adverse party a notice signed by the appellant or his proctor that the party appeals to the Circuit Court of Appeals from the decree complained of. * * *"

Shortly after the adoption of its Admiralty Rules, this court had before it the case of Kenney v. Louie, No. 939 (not reported), in which an appeal from a final decree in admiralty "was taken by the filing and service of a notice of appeal on the 19th day of November, 1902, * * * as provided by Admiralty Rule 1 of this court." The assignment of errors was not filed until nine days later. The appellee raised no question as to the manner or method of taking the appeal, but moved to dismiss it on the ground, among others, that: "Said appeal was taken and allowed before appellants made or filed in said cause any assignment of errors as provided in General Rule 11." The motion was denied, without opinion, on May 6, 1903, following which there was appended to Admiralty Rule 1 a note (121 F. iii), which was preserved in the revision of 1928, and is recognized as an integral part of the rule. Also, there was and is appended to General Rule 11 a note admonishing the reader to "see note to Admiralty Rule 1." The note to Admiralty Rule 1 reads as follows: "This rule so far modifies Rule 11 of the General Rules (31 C. C. A. cxlvi, 90 F. cxlvi) that a petition for an appeal and the allowance thereof is not required in an admiralty case, nor is the assignment of errors required to be filed with notice of appeal. The assignment of errors must, however, be sent up to the appellate court with the apostles, as required in Rule 4 of the Admiralty Rules. [Kenney v. Louie, No. 939. Motion to dismiss appeal denied May 6, 1903.]"

The appeals in this case were taken by filing and serving notices of appeal, as provided in Admiralty Rule 1. Appellee concedes that they were taken in conformity with rule 1, but contends that rule 1 was abrogated and rendered inoperative by section 8 (c) of the Act of February 13, 1925, c. 229, 43 Stat. 940, 28 U. S. C. § 230 (28 USCA § 230), which provides: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

This section superseded a portion of section 11 of the Act of March 3, 1891, c. 517, 26 Stat. 829 (28 USCA § 230 note), which read as follows: "No appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under

the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed: Provided however, That in all cases in which a lesser time is now by law limited for appeals or writs of error such limits of time shall apply to appeals or writs of error in such cases taken to or sued out from the circuit courts of appeals."

The purpose and, we think, the only purpose of section 8 (c) of the Act of February 13, 1925, was to shorten from six months to three months the time within which appeals might be taken to the Circuit Courts of Appeals. Appellee argues that Congress also intended by this section to abolish appeals as a matter of right, and to make all appeals discretionary, so that thereafter appeals could not be "taken," but must be "applied for," and, if deemed proper, "allowed."

That Congress had no such intention is evidenced by the act itself. Section 1 of the act amends section 129 of the Judicial Code (43 Stat. 937, 28 U. S. C. § 227 [28 USCA § 227 note]) to provide that "an appeal may be taken" from an interlocutory order or decree granting, continuing, modifying, refusing, or dissolving an injunction or appointing a receiver. Section 1 of the act also amends section 238 of the Judicial Code (43 Stat. 938, 28 U. S. C. § 380 [28 USCA § 380]) by adding thereto the provision that "an appeal may be taken" direct to the Supreme Court from an order granting or denying an interlocutory injunction in a three-judge case. Section 10 of the act (43 Stat. 941, 28 U. S. C. § 861 [28 USCA § 861]) provides that no court having power to review a judgment or decree shall dismiss a writ of error solely because "an appeal should have been taken." Thus, instead of abolishing the right to "take" appeals, the act itself recognizes the right and provides for its exercise.

That Congress did not have the intention attributed to it by appellee is further evidenced by its subsequent enactments. The Act of April 3, 1926, c. 102, 44 Stat. 233, 28 U. S. C. § 227 (28 USCA § 227), provides that: "In all cases where an appeal from a final decree in admiralty to the circuit court of appeals is allowed an appeal may also be taken to said court from an interlocutory decree in admiralty determining the rights and liabilities of the parties. * * *" In using the word "also" Congress recognizes that the right to "take" an appeal from a final decree in admiralty still exists.

The Act of February 28, 1927, c. 228, 44 Stat. 1261, 28 U. S. C. § 227a (28 USCA § 227a), provides that when, in a patent infringement suit, a decree is rendered which is final except for the ordering of an accounting, "an appeal may be taken from such decree to the circuit court of appeals: Provided, That such appeal be taken within thirty days," etc. Here again Congress recognizes that the right to "take" an appeal has not been abolished.

Section 2 of the Act of January 31, 1928, c. 14, 45 Stat. 54 (28 USCA § 861b note), provided that: "In all cases where an appeal may be taken as of right it shall be taken by serving upon the adverse party * * * a written notice," etc. This was a clear recognition by Congress that an appeal might still be "taken as of right" notwithstanding the Act of February 13, 1925. An appeal from a final decree in admiralty is one which may be "taken as of right." Hume v. Frenz (C. C. A. 9) 150 F. 502.

Section 2 of the Act of January 31, 1928, was superseded by section 2 of the Act of April 26, 1928, c. 440, 45 Stat. 466, 28 U. S. C. § 861b (28 USCA § 861b). The latter section deals only with those appeals which by section 1 of the Act of January 31, 1928, were substituted for writs of error. Territory of Hawaii v. Gay (C. C. A. 9) 52 F.(2d) 356. It prescribes no procedure for equity or admiralty appeals, but leaves them subject to regulation by the court; the result being that, in this circuit, equity appeals have since been governed by General Rule 11 and admiralty appeals by Admiralty Rule 1, as they were prior to January 31, 1928.

This court was not unaware of the Act of February 13, 1925, when, on June 27, 1928, it revised its rules and readopted Admiralty Rule 1, as well as General Rule 11. The revision was made in the light of and in conformity with the act. Then, as now, this court saw nothing in the act to warrant the supposition that Congress intended thereby to abrogate Admiralty Rule 1 by abolishing appeals as a matter of right and making all appeals discretionary, thus rendering it impossible in any case to "take" an appeal. We hold that Admiralty Rule 1 is still in effect,

and that the appeals in this case were properly taken.

Appellant Weidemann's failure to file his assignment of errors at or prior to the time of taking his appeal constitutes no ground for dismissal. His assignment of errors was subsequently filed and was sent up to this court with the apostles. That was sufficient. Admiralty Rule 1 and footnote, supra; Admiralty Rule 4, subdivision 1 (k); Kenney v. Louie, supra.

There is no merit in appellee's contention that Weidemann's appeal was not taken in time. The decree appealed from was a final decree. It was entered on December 27, 1934. Weidemann had the right to appeal therefrom at any time "within three months after the entry" of the decree. Act of February 13, 1925, c. 229, § 8 (c), 43 Stat. 940, 28 U. S. C. § 230 (28 USCA § 230). The day of the entry of the decree must be excluded in computing the time for taking the appeal. Smith v. Gale, 137 U. S. 577, 11 S. Ct. 185, 34 L. Ed. 792; United States v. Beaman (C. C. A.) 61 F.(2d) 493. Weidemann's appeal was taken on March 27, 1935, which was within three months after entry of the decree and was, therefore, in time.

Finding no ground for the dismissal of Weidemann's appeal, we have no occasion to consider what effect, if any, such dismissal might have had on Pillsbury's appeal.

Motion denied.