686

## LIBERTY MUT. INS. CO. v. PARKER.
### No. 2144.

District Court, D. Maryland.
March 24, 1937.

Thomas H. King, of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and T. Barton Harrington, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This is a suit to set aside a compensation award by the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act (section 21 [33 U.S.C.A. § 921]). There is no controversy as to the facts, the contention being only that the award is not in accordance with law because the employee's claim was not filed "within one year after the injury" as required by section 13 (33 U.S.C.A. § 913).

Briefly condensed, the facts as found by the Deputy Commissioner were as follows: The employee had been employed around the Baltimore Harbor as a longshoreman for about thirty-five years and at the time of his accident and injury in the particular case, had been employed as a hatch boss for several years prior thereto by the employer the Baltimore Stevedoring Company, of which the Liberty Mutual Insurance Company was the insurer. During the first week in December, 1934, the employee, in the course of his usual work, slipped on a ship's deck and fell against the mast catching his weight on his right thumb. He mentioned it to his foreman but no visible injury was apparent and the employee continued his work during the remainder of the day; but shortly thereafter his hand grew somewhat stiff and that evening a small knot appeared on the back of his hand which subsequently proved to be a ganglion resulting from the strain. It gradually grew larger until about a month thereafter the employee showed his hand to his personal physician who told him "it will have to be cut out"; and some months later he visited the Johns Hopkins Hospital where he was told that if his hand did not hurt or bother him he need do nothing about it. He made no complaint to the employer until February, 1936, when he found that the fingers of his right hand were being somewhat affected, and then applied to the office of his employer for medical treatment. He continued to work until May 5, 1936, when, at the employer's expense a surgical operation was performed which removed the ganglion, then about the size of a guinea egg, and he returned to work on May 25, 1936.

The employer made no report of the accident to the Deputy Commissioner until February 17, 1936; and the claimant filed no claim with the Deputy Commissioner until April 8, 1936, more than a year after the date of the accident. The claimant was not actually disabled from the accident (in the sense of loss of time from work) until May 5, 1936. The Deputy Commissioner found that the employer had not been prejudiced by failure to receive written notice of the accident because its foreman had been verbally notified at the time.

At the hearing of the claim the insurer, by its counsel, placed its objection to any award on the ground of lack of written notice within thirty days and failure to file claim within a year after the injury. But the former objection is not pressed, not being made in the plaintiff's bill of complaint here. The insurer does, however, earnestly press the second objection as an important question of law despite the

 

small amount of the award of only $34.35. It was stated by counsel at the hearing that although the amount of the award has actually been paid the suit was not moot because the insurer would have a right of recovery although it was intimated that the point was being insisted on in this case for decision as a precedent rather than as a basis for recovery.

The Deputy Commissioner based his legal conclusion in favor of the claimant on the case of Kropp v. Parker, Deputy Commissioner, 8 F.Supp. 290, decided in this court September 29, 1934. It was there held that the term "injury" as used in section 913 was not necessarily synonymous with the word "accident" but should be construed in the sense of "compensable injury." So construed it was held that a claim for a latent injury was within time although not filed until more than one year after the accident where the injury, which finally resulted in a brain tumor, as found by the Deputy Commissioner, was not diagnosed until very shortly before the claim was filed and where the employee had not previously been disabled from work. There has apparently been no other federal decision on the precise point either prior or subsequent to the Kropp Case although I note that it was cited with apparent approval by Judge Adkins of the United States District Court for the District of Columbia in Commercial Casualty Insurance Company v. Hoage, Deputy Commissioner, 2 S.D.C.Reports, 26, 28. As stated in the opinion in the Kropp Case, the construction applied to the statute was in accordance with the majority of state court decisions on similarly worded workmen's compensation statutes. It is not intended in this case to depart in any way from the decision there made.

But the facts in this case are, in my opinion, clearly distinguishable from the Kropp Case in the important point that the injury sustained by the employee in this case became patent and fully observable almost immediately after the accident and more than a year before the claim was filed. The swelling on the back of the claimant's hand became apparent on the very evening of the accident and had increased to such a size within a month that he was definitely advised by his physician that it would have to be cut out. From his testimony at the hearing it is quite apparent that he was reluctant to have the operation and that he endeavored to abate the swelling by personal treatment in the use of hot water and other applications. As his work was not directly interfered with by the ganglion on the back of the hand and as he had no pain therefrom, he apparently preferred to go on working, rather than undergo the personal discomfort of a surgical operation which, however, he had been told would be necessary. Therefore we have a case where the injury sustained was practically contemporaneous with the accident and where the injury was clearly *patent and not latent*.

Nor is there any difficulty in distinguishing this case factually from the Kropp Case, when injury is construed as meaning "compensable injury." The claimant was advised within a month after the accident that he would need a surgical operation and by section 7, as amended (33 U.S.C.A. § 907) he was entitled to receive this at the expense of the employer; such surgical treatment being classed by section 6 (33 U.S.C.A. § 906) as a part of the compensation to which the employee is entitled.

I therefore conclude that the award in this case must be set aside as not in accordance with law, because the employee's claim was not filed within a year after the injury occurred.

Counsel may submit the appropriate order in due course.