KOBILKIN v. PILLSBURY et al.

No. 9034.

Circuit Court of Appeals, Ninth Circuit.

April 14, 1939.

As Amended on Denial of Rehearing
May 23, 1939.

668

Gladstein, Grossman & Margolis and George Olshausen, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and S. P. Murman, Asst. U. S. Atty., both of San Francisco, Cal., for appellee Warren H. Pillsbury.

Herman Phleger, Maurice E. Harrison, Howard Finn, Gregory A. Harrison, M. B. Plant, and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for appellee Matson Navigation Co.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Upon denial of his claim he brought suit by petition in equity to set aside the order of the deputy commissioner, invoking § 21(b) of the act. The appeal is from a decree granting a motion to dismiss, addressed to the petition.

Appellant, as the pleading discloses, was employed by the Matson Navigation Company as a longshoreman. On June 7, 1935, during the unloading of a vessel, a bag of sugar which was being raised from the hold dropped off a sling load and struck appellant on his left shoulder. It was found that he had sustained a bad bruise and in consequence he was wholly disabled for three weeks following the accident, during which time compensation was voluntarily paid him. Thereafter, although working with some physical impairment, he suffered no loss of wages on account of the injury until January 9,

1937. On the latter date he had a severe pain in his shoulder, went to a physician of his own choice for treatment, and was later removed to a hospital, where he was operated upon on January 27, 1937 for excision of the subteloid bursa of the shoulder. At that time a separation of the bones of the shoulder at the acromio-clavicular articulation was noted. On March 3, 1937 appellant filed his claim.

The deputy commissioner denied the claim on the ground that it had not been filed within one year from the date of the last payment of compensation and was therefore barred. The question here is whether the ruling was proper. § 13(a) of the act provides, "the right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury * * * except that if payment of compensation has been made without an award on account of such injury * * * a claim may be filed within one year after the date of the last payment." 33 U.S. C.A. § 913(a). § 22, so far as material, provides that "upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919." 33 U.S.C.A. § 922.

Appellant makes the contention, probably warranted by the record, that the acromio-clavicular dislocation had originally been overlooked and was not recognized until the performance of the operation for the removal of the bursa in January, 1937. The point involved is a novel one under the federal act, has been earnestly presented, and we have given it careful consideration. The argument is that the external injury or bruise was immediately recognized and compensated, but that the dislocation was not recognized until January, 1937, when it became disabling. The external and internal injuries, it is said, must be considered in effect as separate injuries; and since the latter was not discovered or discoverable until more than one year after the last payment of compensation for the former, the limitation does not commence to run until the existence of the injury can reasonably be ascertained.

Such is claimed to be the rule in respect of latent injuries under the state laws; and a number of cases, collected on the margin, are cited in support of the contention.[1] Turning as they necessarily do on the wording of specific statutes, these cases are of little aid in the present inquiry. With the notable exception of the Nebraska authorities, we are unable to agree that they support appellant's views. An opinion of the District Court of Maryland in Kropp v. Parker, 8 F. Supp. 290, involving the Longshoremen's Act, leans in appellant's direction, but compare the later opinion of that court in Liberty Mutual Ins. Co. v. Parker, D.C., 19 F.Supp. 686. Needless to say, cases like Marsh v. Industrial Accident Commission, supra, note, and Hoage v. Employers Liability Assurance Co., 62 App. D.C. 77, 64 F.2d 715, which deal with occupational diseases, are not to be accepted as authority in a situation like the present. Possibly the decision of the Third Circuit Court of Appeals in Di Giorgio Fruit Corp. v. Norton, 93 F.2d 119, may be classified among cases of the latter type. But if the condition there dealt with was purely an accidental injury, and not an occupational disease or infection, we are not able to understand the court's implied conclusion that it arose "in the course of employment".

Decisions arising under statutory provisions analogous to those of the federal act generally hold that the date of injury, and not the subsequent date when inca-pacity develops, is the one from which the

1 Marsh v. Industrial Accident Commission, 217 Cal. 338, 18 P.2d 933, 86 A.L. R. 563; Continental Casualty Co. v. Industrial Accident Commission, 11 Cal. App.2d 619, 54 P.2d 753; Fidelity & Casualty Co. of New York v. McKay, 5 Cir., 73 F.2d 828; Fee v. Dept. of Labor, 151 Wash. 337, 275 P. 741; Stolp v. Dept. of Labor, 138 Wash. 685, 245 P. 20; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N.W. 615; Selders v. Cornhusker Oil Co., 111 Neb. 300, 196 N.W. 316; Johansen v. Union Stock Yards Co., 99 Neb. 328, 156 N.W. 511; White v. Morgan & Wright, 217 Mich. 499, 187 N.W. 257; Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546.

time limitation must be reckoned. O'Esau v. E. W. Bliss Co., 188 App.Div. 385, 177 N.Y.S. 203; Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; Travelers Ins. Co. v. Burden, 5 Cir., 94 F.2d 880, 883; Cooke v. Holland Furnace Co., 200 Mich. 192, 166 N.W. 1013, L.R.A. 1918E, 552; Sandahl v. Department of Labor and Industries, 170 Wash. 380, 16 P.2d 623; Ehrhart v. Industrial Accident Commission, 172 Cal. 621, 627, 158 P. 193, 195, Ann.Cas.1917E, 465; McLaughlin v. Western Union Telegraph Co., 5 Cir., 17 F.2d 574; Silva v. Wheeler & Williams, Ltd., 32 Hawaii 920.

 The terms "injury" and "disability", separately defined in the statute,[2] are not synonymous. It has not been suggested that the injury from which appellant suffers is an occupational disease. Admittedly, it is an accidental injury arising in the course of employment. It was inflicted at the time of the accident, not when its full extent was first noted at the later time. The trauma in fact resulted in an immediate though temporary disability for which appellant was paid compensation. The circumstance that appellant again became disabled a year and a half later, and the more serious nature of the injury was then for the first time recognized, does not change the situation. The claim was not filed until more than a year after the occurrence of the injury and more than a year after the last payment of compensation. Under the plain terms of § 13(a) of the statute the claim is barred. If we turn to § 22 and assume a change of condition we again encounter the statutory bar.

 It was the manifest Congressional intent to deny compensation in all cases of disability arising from accidental injury unless claim is filed within the time limited. No provision is made for exceptional cases. We agree that the act is to be liberally construed, but neither the deputy commissioner nor the courts have the power to legislate; and nothing short of legislation would make relief possible in a case like this.

 Appellant should have filed his petition as a libel on the admiralty side of the district court. See Twin Harbor Stevedoring & Tug Co. et al. v. Marshall et al., 9 Cir., 103 F.2d 513, this day decided. The cause is remanded to that court with instructions to treat the petition as a libel, the motion to dismiss as an exception to its sufficiency (Admiralty Rule Sup.Ct. 27, 28 U.S.C.A. following section 723), and to enter a decree of dismissal.

The decree is vacated with instructions to transfer to admiralty docket and decree a dismissal.

MATHEWS, Circuit Judge (concurring).

This suit was brought by appellant, John T. Kobilkin, against appellees, Warren H. Pillsbury, as Deputy Commissioner of the United States Employees' Compensation Commission, and Matson Navigation Company, in the District Court of the United States for the Northern District of California, under § 21(b) of the Longshoremen's and Harbor Workers' Compensation Act.[1]

The suit was brought in the right court, but on the wrong side of the court. It was brought in equity. It should have been brought in admiralty. The Longshoremen's and Harbor Workers' Compensation Act is part of the maritime law of the United States. The jurisdiction conferred by § 21(b) is admiralty jurisdiction. Crowell v. Benson, 285 U.S. 22, 36–65, 52 S.Ct. 285, 76 L.Ed. 598;[2] Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 93 F.2d 761, 762. See, also, Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 175, 57 S.Ct. 682, 81 L.Ed. 988.[3]

That the court may, in a suit under § 21(b), issue an injunction, mandatory

---

[2] "The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment." § 2 (2). "'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." § 2 (10).

[1] 44 Stat. 1436, 33 U.S.C.A. § 921(b).

[2] Affirming Crowell v. Benson, 5 Cir., 45 F.2d 66, which affirmed Benson v. Crowell, D.C., 33 F.2d 137; Id., D.C., 38 F.2d 306.

[3] Reversing Pillsbury v. Alaska Packers Ass'n, 9 Cir., 78 F.2d 587; Id., 9 Cir., 85 F.2d 758.

or otherwise, does not make the court an equity court or the suit an equity suit. Injunctions may be issued in admiralty as well as in equity. Crowell v. Benson, supra, 285 U.S. page 49, 52 S.Ct. 285, 76 L.Ed. 598. By providing for injunction proceedings, Congress "contemplated a suit as[4] in equity" (Id., 285 U.S. page 63, 52 S.Ct. page 297, 76 L.Ed. 598), but it did not contemplate a suit in equity. It did contemplate a suit in admiralty.

Appellant's libel—called a petition—alleges, in substance, that on June 7, 1935, while employed by appellee Matson Navigation Company in maritime employment upon navigable waters of the United States, appellant sustained an accidental injury arising out of and in the course of said employment and was thereby disabled; that appellant received compensation from said employer for two weeks ending June 28, 1935; that he did not discover the true nature of said injury until after January 19, 1937; that on February 24, 1937, he filed a claim for compensation for said injury; and that, after a hearing, appellee Pillsbury, as Deputy Commissioner, made a compensation order rejecting said claim.

Thus, from appellant's own pleading, it appears that his claim was filed more than one year after the injury and more than one year after the date of the last payment of compensation and, therefore, was barred.[5] The fact, if it be a fact, that he did not discover the true nature of the injury until after January 19, 1937, is immaterial. As used in the Longshoremen's and Harbors Workers' Compensation Act (§ 13), the phrase "one year after the injury" means just that. It does not mean one year after the claimant's discovery of the true nature of the injury. The Act says nothing about discovery.

Appellees excepted[6] to the libel on the ground, among others, that the facts therein stated were not sufficient to entitle appellant to any relief. The exceptions were well founded, but, as a court of equity, the District Court was not empowered to sustain them. Attempting to do so, it erred.

The decree should be vacated, and the case should be remanded with directions to transfer it to the admiralty docket[7] and to enter a decree in admiralty, sustaining the exceptions and dismissing the libel.

---

[4] Emphasis supplied.

[5] Longshoremen's and Harbor Workers' Compensation Act, §§ 13, 19 (44 Stat. 1432, 1435, 33 U.S.C.A. §§ 913, 919).

[6] The exceptions were called motions to dismiss.

[7] Compare Crowell v. Benson, 285 U. S. 22, 37, 52 S.Ct. 285, 76 L.Ed. 598.