**BETHLEHEM STEEL CO. v. PARKER,**
Deputy Com'r, U. S. Employees' Com-
pensation Commission, et al.

No. 5610.

Circuit Court of Appeals, Fourth Circuit.

Aug. 27, 1947.

John G. Rouse, Jr., and James C. Morton,
Jr., both of Baltimore, Md., for appellant.

Herbert P. Miller, Asst. Chief Counsel,
United States Employees' Compensation
Commission, of New York City, and Harry
J. Dingle, of Baltimore, Md. (Bernard J.
Flynn, U. S. Atty. and C. Ross McKenrick,
Asst. U. S. Atty., both of Baltimore, Md.,
and W. E. Boote, Chief Counsel, United
States Employees' Compensation Commis-
sion, of New York City, on the brief), for
appellees.

Before PARKER, SOPER, and DOBIE,
Circuit Judges.

DOBIE; Circuit Judge.

This is an appeal by the Bethlehem Steel
Company (hereinafter called Bethlehem)
from a judgment of the United States Dis-
trict Court for the District of Maryland, dis-
missing a proceeding brought in that court
by Bethlehem seeking to set aside an award,

in favor of Aberdeen Curtis, made by E. V. Parker, a Deputy Commissioner of the United States Employees' Commission, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, (hereinafter called the Act), 33 U.S.C.A. § 901 et seq. The only ground advanced by Bethlehem as a basis for setting aside the Deputy Commissioner's award was that no such notice of injury was given to Bethlehem by Curtis as is required by Section 12 of the Act, 33 U.S.C.A. § 912.

The accident here in question happened on May 4, 1945, when the claimant Curtis, engaged in repair work aboard Bethlehem's Motor Vessel Megare, in descending the engine-room ladder, slipped on the last tread, lost his balance, spun around trying to catch the handrail and this caused a strain and wrench of his right knee.

According to the opinion of Judge Coleman, in the District Court, 72 F.Supp. 35, 36:

"The testimony presented to the Deputy Commissioner, in so far as it relates to the question of notice, is very fragmentary and somewhat ambiguous, but the following is not disputed: The injury to claimant occurred on May 4, 1945, but he treated it as trivial—a minor sprain,—continued to work, gave no notice to his employer of his injury, and sought no medical aid until the middle of August. On September 25th, following advice given him in August by one of his employer's physicians, he subjected himself to examination by an orthopaedic surgeon, who found that claimant was suffering from a torn cartilage of the knee and recommended an operation. Then claimant realized that the trouble he was having with his knee was the result of the accident in May. His knee was operated upon October 25, 1945. He left the hospital on October 31st, but he gave no notice of his injury to his employer until December 17th."

Section 12 of the Act, 33 U.S.C.A. § 912, provides:

"(a) Notice of an injury or death in respect of which compensation is payable under this Act shall be given within thirty days after the date of such injury or death (1) to the deputy commissioner in the compensation district in which such injury occurred and (2) to the employer.

"(b) Such notice shall be in writing, shall contain the name and address of the employee and a statement of the time, place, nature, and cause of the injury or death, and shall be signed by the employee or by some person on his behalf, or in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf.

"(c) Notice shall be given to the deputy commissioner by delivering it to him or sending it by mail addressed to his office, and to the employer by delivering it to him or by sending it by mail addressed to him at his last known place of business. If the employer is a partnership such notice may be given to any partner, or if a corporation, such notice may be given to any agent or officer thereof upon whom legal process may be served or who is in charge of the business in the place where the injury occurred.

"(d) Failure to give such notice shall not bar any claim under this Act (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death."

■ We agree entirely with the District Judge that the Act must be liberally construed as a remedial enactment; that there is no evidence that the delay of Curtis in giving notice has in any way prejudiced Bethlehem; that the claim of Curtis has substantial merit and that Bethlehem's single defense (lack of proper notice) is highly technical. That, however, does not lessen our responsibility to interpret and apply the provisions of the Act as to notice.

■ Section 12 (a) of the Act requires notice to be given "within thirty days after the date of such injury." We think the

word "injury" here means "accident", so that the thirty-day period began to run in the instant case on May 4, 1945, the date of the accident on the ladder, quite apart from the time when the claimant realized the seriousness of the injury, and equally apart from the time he realized that this injury was due to the accident on the ladder. This is in line with the decision (construing another section of the Act) in Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667; affirmed by a divided Court, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983; rehearing denied, 309 U.S. 695, 60 S.Ct. 584, 84 L.Ed. 1035. Compare, Di Georgio Fruit Corporation v. Norton, 3 Cir., 93 F.2d 119; Liberty Mutual Insurance Co. v. Parker, D.C., 19 F.Supp. 686; Kropp v. Parker, D.C., 8 F.Supp. 290. Clearly, then, the notice was not given within the period of thirty days after the accident. This brings us to Section 12 (d) of the Act, dealing with the power of the deputy commissioner to excuse notice.

As we have seen, Section 12 (d) of the Act provides: "Failure to give such notice shall not bar any claim under this Act * * * (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; * * *."

The finding of the Commissioner with reference to the failure of the claimant to give the notice provided by the statute, and his action thereon, is set out in the following quotation from his award:

"That upon being advised by the orthopaedist that the torn semi-lunar cartilage was due to trauma, claimant recalled the accident of May 4, 1945, and notified the employer; his failure to notify the employer within thirty days is excused for the reason that claimant was not aware of the cause of his disability until he had consulted the orthopaedic specialist."

■■ We think the wording of the Act, its purposes and its history, make it quite clear that the powers of the deputy commissioner to excuse the timeliness of the notice (as distinguished from the sheer failure to give any notice whatsoever) are very broad. This power is given by the Act in wide, general terms, and can be exercised by the dep-uty commissioner "for some satisfactory reason." Manifestly, the decision of what reasons are, and what reasons are not, satisfactory, is left to the deputy commissioner. The Act sets out no principles, no standards, to guide the deputy commissioner in making this decision. We, therefore, conclude that the deputy commissioner here had the power to excuse the actual giving of the notice within the period prescribed by the Act.

Other questions have been raised by the parties which need not be decided in this case. It is suggested that even if the failure of the claimant to give notice within thirty days was properly excused by the commissioner in the exercise of his discretion, the claimant was nevertheless bound to give timely notice after he discovered the nature of his injury. This suggestion raises the questions (1) whether in such a situation the notice should be given (a) in thirty days after discovery, or (b) in a reasonable time after the discovery, and (2) whether the deputy commissioner or the court has the power under the statute to decide as to the propriety and timeliness of the notice given after discovery, such as that given by the claimant in this case on December 17, 1945.

■ We need not decide these questions because they were not submitted to the deputy commissioner. While Section 12 (a) of the statute provides that notice of an injury shall be given within thirty days after the date of the injury, Section 12 (d) provides that failure to give such notice shall not bar any claim if the deputy commissioner excuses the failure on the ground that for some satisfactory reason, such notice could not be given, "nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury."

The District Judge found that the only point in issue before the deputy commissioner regarding the notice was whether the claimant was excused for his failure to notify his employer before the expiration of the thirty-day period, and that the point now raised as to the sufficiency of the notice after the expiration of the thirty-day period

was not presented to or argued before the deputy commissioner. We accept this finding of the District Judge since we find no basis in the record for a contrary conclusion. It follows that the appellant is now barred from objecting to the sufficiency of the notice actually given, and the judgment of the District Court must therefore be affirmed.

Affirmed.