**ASSUM v. McMANIGAL et al.**

Civ. No. 27796.

United States District Court
N. D. Ohio, E. D.

May 9, 1951.

J. Harold Traverse, Cleveland, Ohio, Desmond & Drury, J. E. Drury, Jr., Buffalo, N. Y., for plaintiff.

John J. Kane, Asst. U. S. Dist. Atty., Cleveland, Ohio, for defendant McManigal.

Jas. C. Weir, Cleveland, Ohio, for defendants Columbia Transp. Co. and another.

JONES, Chief Judge.

Plaintiff by this action seeks to set aside an order of the Deputy Commissioner for the Ninth Compensation District rejecting his claim for disability benefits under the Longshoremen's and Harbor Workers'

Compensation Act, 33 U.S.C.A. § 901 et seq., on the ground that the Commissioner's order was not in accordance with law, Section 921(b). Defendants move the court for dismissal of the complaint.

Plaintiff made claim for compensation on July 1, 1949. Hearings with respect to his claim were held on January 19, 1950, and on August 20, 1950. Under date of September 27, 1950, a compensation order was made by the Deputy Commissioner rejecting the claim. The order contained findings of fact which are not now in dispute. The Deputy Commissioner found: That plaintiff sustained a broken leg on January 16, 1945 while performing service for his employer upon the navigable waters of the United States; that as a result of his injury, he suffered temporary total disability from January 17, 1945 to April 18, 1946, for which his employer voluntarily paid him compensation; that the payments were discontinued on April 18, 1946 "on report of the United States Marine Hospital of plaintiff's ability to return to work without permanent disability"; that plaintiff returned to work on April 18, 1946, "and worked until December 14, 1948 at his regular job without loss of earning capacity"; that in October 1948 his leg "became sore and swelled and an ulcer developed at site of the fracture in the left leg"; that plaintiff was again totally disabled from December 14, 1948 until July 1, 1949, and from August 13, 1949 until November 23, 1949; that he again returned to work on November 23, 1949, "and has worked ever since"; and that claim for re-opening his case "and for compensation for such recurrent disability" was filed July 1, 1949. The Deputy Commissioner rejected plaintiff's claim for the reason that it was not filed within one year after the last payment for compensation. Section 13 of the Act.

Section 13(a) of the Act, 33 U.S.C.A. § 913(a), provides that: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury * * * except that if payment of compensation has been made without an award on account of such injury * * * a claim may be filed within one year after the date of the last payment."

Subsection (b) is not applicable here.

Plaintiff contends that his claim is covered by the first provision of Section 13(a). Plaintiff's interpretation of this provision, which he urged upon the Commissioner, and which he now asks the court to adopt, is that a claim may be filed within one year after the injury, and "the date of injury is not the date of the accident, but the date the injury becomes compensable". It is plaintiff's contention that his claim was timely because it was filed within one year after the injury became compensable.

There is a conflict in the decided cases as to the meaning of the phrase "within one year after the injury" as used in Section 13. One group of cases has construed the term "injury" to mean "compensable injury", allowing one year after the injury could be reasonably ascertained for the filing of a claim. DiGiorgio Fruit Corp. v. Norton, Deputy Com'r, 3 Cir., 93 F.2d 119, certiorari denied, 302 U.S. 767, 58 S.Ct. 480, 82 L.Ed. 596; Potomac Electric Power Co. v. Cardillo, Deputy Com'r, 71 App.D.C. 163, 107 F.2d 962; Great American . Indemnity Co. v. Britton, Deputy Com'r, 86 U.S.App.D.C. 44, 179 F.2d 60; Kropp v. Parker, Deputy Com'r, D.C., 8 F.Supp. 290. The other group of cases has held that the date of the injury means the date of the accident. Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667, affirmed by an equally divided court, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983, rehearing denied, 309 U.S. 695, 60 S.Ct. 584, 84 L.Ed. 1035; Bethlehem Steel Co. v. Parker, Deputy Com'r, 4 Cir., 163 F.2d 334; Todd Seattle Dry Docks, Inc., v. O'Leary, Deputy Com'r, D.C., 87 F.Supp. 907.

 I have been unable to find, nor have I been cited to, a case decided by the Sixth Circuit Court of Appeals which has adopted one or the other of these views, and which I would be bound to follow. As a matter of first impression, therefore, and

upon the facts of this case, I am inclined to agree with the Commissioner that plaintiff's claim was barred by Section 13. It seems clear to me that a subsequent recurrence or aggravation of an earlier compensated injury does not constitute a new compensable injury under the Act.

It, however, may be said in respect of plaintiff's position that there is no evidence of any wilful delay on his part in filing his claim, nor does it appear that there is any question of remoteness between the injury and the later disability. However, the cases relied upon by the plaintiff do not squarely support his position. In those cases there was no opportunity to present a claim at all within a year after the accident, either because the injury was not at first disabling, or because some element of erroneous medical advice was present. A liberal view on the part of the court was justified so that the claimant would not go entirely uncompensated.

Kobilkin v. Pillsbury, supra, is authority for a decision against the plaintiff on this question. That case involved a similar fact situation. There was payment of compensation for an immediate disability. The circumstance that there was a recurrent disability after the expiration of one year from the date of the accident, and that the more serious nature of the injury was then recognized for the first time, was held not to change the case with respect to application of the limitation provision.

It should be observed that the Act provides for the contingency of future aggravations or recurrences. Thus, in Section 22, provision is made for the modification of awards where there is a change of conditions. Once again, however, there is a one year limitation, running from the time of the last payment of compensation.

The court is mindful of the repeated assertion that the "remedial and beneficient purposes" of the Act must be effectuated. It cannot grant relief, however, where to do so would necessitate that it engage in legislation.

Motion granted.