**EIKEL et al. v. VORIS et al.**
**Civ. A. No. 5889.**

United States District Court
S. D. Texas, Houston Division.
Aug. 31, 1951.

964

Royston & Rayzor and E. D. Vickery, of Houston, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., and W. G. Winters, Jr., Asst. U. S. Atty., of Houston, Tex., for defendant.

CONNALLY, District Judge.

This action is one by the employer and insurance carrier to enjoin enforcement of an award of compensation under the Longshoremen's and Harbor Workers' Act, Title 33 U.S.C.A. § 901 et seq., entered by the defendant Deputy Commissioner on November 29, 1950, and supplemented and amended by an order of the Deputy Commissioner on March 14, 1951.

The plaintiff Southern Stevedoring & Contracting Co. is a partnership of Charles Eikel and B. D. Harris, who as contract stevedores in December, 1949 were unload-

ing the SS Southern States at Texas City, Texas. The defendant claimant, Earl Porter, had been in the employ of the Stevedoring Company, and in fact had followed this line of work, for only two days prior to his injury of December 19, 1949. He was injured while he and other workers were escaping from a hold of the vessel after a "flash fire" had occurred.

The written notice of injury within the thirty-day period, as required by Sec. 912(a)(b) of Title 33, U.S.C.A., was not given either to the employer or to the Deputy Commissioner. Neither had actual knowledge until some six months after the date of the accident. The first question presented is whether the finding of the defendant Deputy Commissioner, to the effect that the failure to give such notice was excusable under the terms of 912(d), is supported by reliable, probative and substantial evidence, as required by the Administrative Procedures Act, Title 5 U.S.C.A. § 1001 et seq.

In his findings of November 29, 1950, the Deputy Commissioner found "that the requirements of the Longshoremen's and Harbor Workers' Compensation Act as to the notice of injury was complied with by claimant". After an appeal from this award to this Court by the employer and insurance carrier, the matter was referred back to the Deputy Commissioner by Chief Judge Kennerly for further hearing, findings, and conclusions on this question of notice. Without holding further hearings, the Deputy Commissioner entered the order of March 14, 1951, from which this appeal is taken. In such order, the Deputy Commissioner found that written notice was not given within thirty days as provided by Sec. 12(b), but that the agent of the employer in charge of the business in the place where the injury occurred had knowledge of the injury, and that the employer had not been prejudiced by failure to give written notice; and further found that the failure was excused under Section 12(d)(2) for the reason that the claimant was illiterate, was not a regular longshoreman and was not acquainted with the requirements of the Act; he was not given instructions as to whom he should report his injury, and that he had reported same to his immediate foreman.

I have examined carefully the record of all the evidence heard by the Deputy Commissioner, and in my opinion the evidence does not support these findings nor bring the case within the terms of either of the alternative provisions of Sec. 912(d) which would excuse written notice.

The first alternative provision of Sec. 912(d) excuses the giving of written notice "if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury * * *". There is little conflict in the evidence as to notice. It is clear that a number of the members of the gang of longshoremen with whom the claimant was working knew of his injury immediately (Moore, Rice, etc.). The foreman of claimant's gang (Lovely) knew of the injury, as did the "sub-walking foreman" (Wisby), who was in charge of two longshore gangs, but who in turn was under the "walking foreman" whose name does not appear. There is a dispute as to whether the timekeeper (Tarpey) had notice of the injury. Wisby testified that he had reported the accident to the timekeeper. The timekeeper denied that he had received such report or had any knowledge that an accident had occurred. While the testimony of Wisby would probably be sufficient to support the Deputy Commissioner's findings that Tarpey had notice if this were material, I do not think that it is. The statute requires notice to the employer or "his agent in charge of the business in the place where the injury occurred". The employer here was B. D. Harris, one of the partners of the firm, who was present during part of the time that the work was in progress. The agent in charge of the business of unloading the vessel, in the absence of Mr. Harris, was A. T. David who was present during Mr. Harris' absence and who was on board the vessel at the time of the accident and until the work was completed. There is no testimony whatsoever that either of these parties had any notice or knowledge of the injury. Each of them has

testified that he had no such knowledge, although each made inquiry after the fire.

■ There is likewise clear testimony that the insurance carrier had no notice of the injury, and no proof to the contrary. Counsel for the defendant argues correctly that the statute should be liberally interpreted; and that notice to the foreman, sub-walking foreman, or timekeeper was sufficient to comply therewith. But I do not feel that the plain terms of the statute may be disregarded under the guise of interpreting it liberally. The statute does not require notice to a foreman, or walking foreman, or timekeeper, but to the employer or his agent in charge. The identity of the employer and his agent in charge is undisputed, and there is a complete want of any evidence that either had any notice of the injury until some six months thereafter. All evidence is to the contrary.

■ The Deputy Commissioner has found that written notice likewise was excused under (2) of § 912(d) in that "for some satisfactory reason such notice could not be given", finding as such "satisfactory reason" the fact that the claimant was illiterate, unable to read or write, and was unfamiliar with the terms of the statute or the procedures for giving notice; and further that the employer's negligence was the cause of claimant's failure to give notice.

While not cited by the defendants, cases such as Hoage v. Employers Liability Assur. Corp., 62 App.D.C. 77, 64 F.2d 715; Hoage v. Royal Indemnity Co., 67 App. D.C. 142, 90 F.2d 387, and Bethlehem Steel Co. v. Parker, D.C., 72 F.Supp. 35, Id., 4 Cir., 163 F.2d 334 lend some support to this contention. But in each of these cases the failure to give timely notice was excused because the claimant was ignorant of a matter of *fact*, that an injury which appeared trivial at the moment in fact could and did constitute the origin of a serious and disabling condition; or that a disabling condition with which the claimant was visited in fact had its inception in an injury sustained in his employment. I am aware of no authority to the effect that illiteracy, or ignorance of the statutory provisions requiring notice itself excuses compliance.

■ Plaintiffs further complain of the findings of the Deputy Commissioner to the effect that the employer and insurance carrier are liable for certain medical expense incurred by the claimant prior to the date of hearing. Sec. 907(a) of the Act provides in part as follows: "The employee shall not be entitled to recover any amount expended by him for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, *or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same;* nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty days following the first treatment the physician giving such treatment furnish to the employer and the deputy commissioner a report of such injury and treatment, on a form prescribed by the Secretary. The deputy commissioner may, however, excuse the failure to furnish such report within twenty days when he finds it to be in the interest of justice to do so, and he may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee." (Emphasis added.)

Undoubtedly, the treatment and services received by the employee were proper and necessary. His foreman had knowledge of the injury at the time or shortly after it occurred and neglected to provide the necessary treatment.[1]

---

1. In this connection, it is noted that the requirement here is that notice of the injury be had by the "superintendent or foreman"; while Sec. 912(d), in providing that failure to give written notice of the injury may be excused, requires knowledge of "the employer (or his agent in charge of the business in the place where the injury occurred)".

■ It is true that the physician furnishing such treatment did not comply with the provision requiring that a report of the injury and treatment be furnished to the employer and the Deputy Commissioner. This may be excused, however, if the Deputy Commissioner finds it to be in the interest of justice to do so. While I find no such specific recitation in the Deputy Commissioner's findings, I think probably such holding may be inferred. At any event, if the Deputy Commissioner should make such additional finding, I am of the opinion that the evidence would amply support his finding on this item.

■ The plaintiffs likewise complain of the Deputy Commissioner's action in receiving in evidence, over their objection, certain ex parte and unsworn written medical reports. The objections were to the effect that such reports constituted hearsay evidence and did not afford these plaintiffs the right of cross-examination. Aside from these reports, there was no evidence as to the nature or extent of the claimant's injuries other than his own testimony which, of course, was general in character and did not purport to set out with professional accuracy and detail the condition from which the claimant was suffering. It is evident from his findings that the Commissioner not only received and considered these medical reports, but that he accepted them verbatim in making his findings of fact as to the nature of the claimant's condition and the extent of his disability.

I am convinced that this question is controlled by the recent opinion of the Court of Appeals for the 5th Circuit in Southern Stevedoring Co., Inc., et al. v. Voris et al., 5 Cir., 190 F.2d 275. This action of the Deputy Commissioner, standing alone, would require that the matter be referred back to him for further proceedings.

The plaintiffs further question the finding of the Deputy Commissioner as to the claimant's wage rate. While I have considerable doubt as to whether the evidence warrants the findings which the Deputy Commissioner made in this regard, it is not necessary to dwell upon the question, entertaining the view as I do, that the claimant is precluded from any recovery by reason of his failure to give timely notice as required by the statute.