642

Frank BASIL, Plaintiff,

v.

Albert J. CYR, Deputy Commissioner, United States Department of Labor, Bureau of Employees Compensation, Ninth Compensation District; Grain Handling Company, Inc., and State Insurance Fund of New York, Defendants.

Civ. A. No. 6082.

United States District Court
W. D. New York.

Sept. 23, 1954.

Desmond & Drury, Buffalo, N. Y., for plaintiff, James Heaney, Buffalo, N. Y., of counsel.

Robert D. Fernbach, Buffalo, N. Y., for defendants, Grain Handling Co., Inc. and State Insurance Fund. Victor Fiddler, Glen Oaks, N. Y., of counsel.

Edwin A. Davis, adjustor for State Insurance Fund.

John O. Henderson, U. S. Atty., Robert P. Freedman, Asst. U. S. Atty., Buffalo, N. Y., for defendant, Albert J. Cyr.

KNIGHT, Chief Judge.

Plaintiff was employed by the defendant Grain Handling Co., Inc. as a grain handling foreman. He claims that on April 28, 1951, while so employed, he was forced to work several hours in a heavy rainfall and as a result he became sick, and that sickness later developed into tuberculosis.

A claim for compensation benefits was filed with the U. S. Department of Labor, Bureau of Employees Compensation, under provisions of the Longshoremen's and Harbor Workers' Compensation Act. Title 33 U.S.C.A. § 901 et seq. The claim was heard and rejected by the Deputy Commissioner on the grounds (1) that the plaintiff failed to give notice of injury to the employer as required by Title 33, Section 912 and (2) that plaintiff did not request the employer to furnish medical treatment.

Plaintiff brings this review to set aside the order of the Deputy Commissioner. The questions for determination are whether notice of any injury was given the employer and whether the claimant required the employer to furnish medical care.

The sole evidence relative to any notice is to be found in the testimony of plaintiff in which he said, "Well, Monday morning I was supposed to go to work and my wife called up John Freeman who is the head foreman. She notified him I was sick and said I had to have a doctor. So there was no doctor offered, so my wife said she would have to get my own doctor, our Dr. Urban. Dr. Urban came." This call it is claimed was made on April 30, 1951, two days subsequent to the time of the alleged accident. The normal conclusion

to be drawn from this alleged telephone conversation is that plaintiff had not the intention of making any claim for which his employer was liable. It is true that the provisions of the statute relative to notice are to be construed liberally in favor of the claimant. It is believed that no construction of the Act has gone so far as to hold the claim sufficient where there was no semblance of the assertion of any claim.

■ The plaintiff cites several cases claiming to support his contention, but each of these is easily distinguishable from the case at bar. Notice has often been held to be sufficient where no written notice was given. Such are the cases where the injuries were sustained in the presence of the officers of employers, such as where the employer knew of the accident and sent the employee to the company's doctor, as in Oldman Boiler Works v. McManigal, 58 F.Supp. 697, decided by this Court; and in Bethlehem Steel Co. v. Parker, 4 Cir., 163 F.2d 334, cited by plaintiff, in which the question was when the 30 day period began to run and it was found there that any delay in giving notice had not been prejudicial to the employer. The testimony in the instant case discloses that plaintiff knew that notice should be given to the employer and he may have considered the telephone talk sufficient, but that does not satisfy the need of a notice to the employer.

In Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5, the principal case cited by plaintiff, it appears that written notice was not given employer until six months later, but the foreman supervising claimant's work had actual notice on the day of the accident and reported it to the time-keeper. This procedure was customary with the employees, and pursuant to company rule.

■ What has been said with reference to the notice of the accident is applicable to the second ground on which the Commissioner denied the claim. When the wife telephoned that plaintiff "was sick * * * and have to have a doctor", it seemingly would only mean to the listener that plaintiff's condition was such that he needed a doctor. Certainly there was no implication that the employee was asking his employer to furnish a doctor.

Much as this Court might wish to do so, it does not have the power and cannot supply deficiencies, but must take the record as it comes from the Deputy Commissioner. From the record it appears that the Deputy Commissioner was justified in his determination.

The complaint must be dismissed. Present order in accordance herewith.