**TODD SEATTLE DRY DOCKS, Inc., et al. v. O'LEARY, Deputy Commissioner, Fourteenth Compensation District.**

No. 15297.

United States District Court W. D. Washington, N. D.

Aug. 18, 1949.

908

courts other than the Ninth Circuit Court of Appeals have in effect decided that if a claimant did not actually know that he was injured, or if he did not have reason to believe that his injury might be disabling or compensable under the Harbor Workers' Act, or if he was not put upon notice or did not receive information that he had a filable claim, then the one-year period of limitation fixed by the statute might not start to run until after the claimant acquired some such knowledge.

In the Kobilkin case, however, the Circuit Court of Appeals of this circuit had before it a shoulder injury case wherein the claimant knew when first injured that he was hurt and experienced some three weeks' disability, and after that he undertook to go to work again, and later on it was discovered that the injury had never been corrected. Then, after such discovery, the claimant undertook to assert a claim under the Harbor Workers' Act after the statutory stated limitation period had expired, and the Circuit Court of Appeals for the Ninth Circuit in no uncertain terms ruled in that case that such claim was barred by the statute.

Bogle, Bogle & Gates, and Edward S. Franklin, Seattle, Washington, for libelants.

J. Charles Dennis, United States Attorney, Seattle, Washington, for respondent Deputy Commissioner.

Lee Olwell, Seattle, Washington, for claimant.

BOWEN, Chief Judge.

■ In the case of Kobilkin v. Pillsbury, 103 F.2d 667, affirmed by the Supreme Court of the United States in 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983, the Circuit Court of Appeals for this circuit, whose decisions are binding upon this court, has held, in a case involving an injury to the claimant and knowledge of the claimant that he was hurt and injured, that the one-year statute of limitations has the effect of barring the claim for relief under the Longshoremen's Act if the claim is not filed within one year.

The courts in some other circuits have decided some cases necessitating analysis of each case presented. In one or two cases

■ In the case now before the court for review the facts in my opinion cannot be distinguished in principle from the facts in the Kobilkin case. Here, although the claimant did not quit work on account of his injury at or about the time he received it, nevertheless, he was well aware that his back was injured. He received medical treatment from the doctors appointed by the insurance carrier and from his own doctor, Dr. Palmer, and also from a chiropractor selected by the claimant, both of whom examined and treated his back, and, so, for a substantial length of time after the occurrence of his injury the claimant received medical treatment.

Several years after the statutory stated limitation period had expired the claimant filed a claim in the case at bar, and his theory is that such filing was not barred because he did not know the actual extent of the back injury; but in my opinion this court is not permitted under the ruling of the Kobilkin case to extend the statutory

one-year period merely because the claimant after expiration of that period found that his injury, to his surprise, was more extensive or more serious than he thought at the time the injury was sustained. It is sufficient, in the court's opinion, to bring a case within the rule and principle of the Kobilkin case that the claimant was injured and that he realized he was injured. Thereupon there will commence to run the period of limitation of the time within which a claim may be filed under the provisions of the Harbor Workers' and Longshoremen's Act limiting such time.

In this court's opinion there is no reasonable basis for saying that the decision of the case at bar is not controlled by the rule and decision of the Circuit Court of Appeals of this circuit in the Kobilkin case, whether or not there may be room for argument as to the situation if the case were pending in the District of Columbia or in the Third Circuit Court of Appeals.

The motion of the respondent, J. J. O'Leary, Deputy Commissioner of the Bureau of Employees' Compensation, Federal Security Agency, in this cause is denied and the prayer of libelants Todd Seattle Dry Docks, Inc. and Fireman's Fund Insurance Company in Paragraph (1) of such prayer will be granted.